SAMUEL W. HAYES, Chief Justice.
MATTHEW J. KANE, Vice Chief Justice.
R. L. WILLIAMS,
R. H. LOOFBOURROW, } Justices.
JOHN B. TURNER,

### LEDBETTER v. KIMSEY.

No. 2172. Opinion Filed July 29, 1913.

Rehearing Denied September 9, 1913.

(134 Pac. 868.)

ELECTIONS—Contest—Burden of Proof. One who seeks to have an election declared void and set aside upon the ground that, by irregularities and fraudulent misconduct of the election officers, certain persons were prevented from registering and voting, must allege and prove that such persons were qualified voters, and that, had they been permitted to register and cast their votes, the number thereof was so great that, if they had cast their votes for the next highest candidate, the result of the election would have been changed.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

*Quo warranto* by Charles Kimsey against J. F. Ledbetter. Judgment for relator, and respondent brings error. Reversed and demanded, with instructions.

*Thos. H. Owen* and *J. C. Stone,* for plaintiff in error.
*A. A. Davidson,* for defendant in error.

WILLIAMS, J.   Defendant in error, hereinafter referred to as relator, commenced an action in *quo warranto* against the plaintiff in error, hereinafter referred as respondent, to try the title to the office of marshal of the city of Muskogee. The relator alleged that a certain municipal election held in said city on April 27, 1909, was void, and by virtue of being the incumbent at the time of said election, as well as a candidate to succeed himself at said election, he was entitled to continue to hold said office until a successor was elected. Judgment of ouster against respondent was rendered in favor of the relator.   At said election the relator received 1,368 votes as against the respondent's 1,682.

In *Martin v. McGarr,* 27 Okla. 653, 117 Pac. 323, 38 L. R. A. (N. S.) 1007, it was held that:

"(a) An action, brought for the purpose of having an election declared void, will not be sustained by showing merely the reception of illegal ballots.  An election is held void in those cases only where it is impossible to separate the valid from the invalid ballots and the correct result is impossible of determination.

"(b) An election is void where qualified electors are corruptly and fraudulently deprived of an opportunity to register and vote sufficient in number, had all been counted for the next highest candidate, to have changed the result of the election."

It is alleged by counsel for respondent that the evidence, as disclosed by the record, does not show that the persons who were refused the right to register were in fact legal voters, and the burden was upon the relator to show such fact. It matters not how many irregularities may be charged, unless legal voters are prevented from registering and participating

in the election to the extent of changing the result of the election, especially in view of the fact, when it is not controverted, that the votes actually cast and counted were legal, a court is not justified in holding the election invalid and setting aside the result of the declared choice of the people and defeating the result of their selection.

In *Snyder v. Blake,* 35 Okla. 294, 129 Pac. 34, it is said:

"It is a rule of law adopted by almost all of the courts that the entire vote of an election or of a precinct will not be rejected, where it is possible to ascertain and eliminate the fraudulent vote.    15 Cyc. 372.    Irregularities and misconduct in conducting an election do not vitiate the election unless the irregularities or misconduct are in violation of mandatory provisions of the statute, or such in themselves as to change the result or render it impossible to ascertain the result of the election. *Williamson v. Musick,* 60 W. Va. 59, 53 S. E. 706; *O'Laughlin v. City of Kirkwood et al.,* 107 Mo. App. 302, 81 S. W. 512.    If the influence of the fraud, corrupt practice, or irregularities upon the result of the election can be shown with reasonable certainty, the courts require that to be done, and the votes affected thereby are rejected and the result of the election determined by the unaffected votes legally cast. It is not sufficient to vitiate an entire election that fraud or irregularities have been committed; it must be shown that such fraud or irregularities deprived some one of the right to vote who was qualified to do so or so changed the vote cast that it did not express the uncorrupted and free choice of the voters.    Irregularities or fraudulent conduct on the part of the election officers that may have prevented or deterred persons who were not qualified to vote from offering to vote and from voting, do not, however reprehensible such conduct is, affect the result of the election.    Under the rule announced in *Martin v. McGarr, supra,* a legal voter qualified to vote, at the place where he offers to vote, but who is prevented from doing so by the fraudulent, corrupt, or mistaken conduct of the election officers, may have his vote counted for the purpose of ascertaining whether, if he had voted, the result of the election might have been different, and therefrom it be determined that the result of such ir-

regularities was to throw such doubt about the result of the election as to render the election void; but a vote of a person who is not qualified to vote can be counted and considered for no purpose. The presumptions are in favor of the validity of the election, and the burden is upon plaintiff who questions its validity to show facts sufficient to destroy it."

In this case the allegation is that sufficient number of legal voters were fraudulently prevented from registering that, had they been registered and permitted to vote, it would have changed the result of the election.

It follows that under the authority of *Snyder v. Blake, supra,* this cause must be reversed and remanded, with instructions to grant a new trial and proceed in accordance with the law as announced in the opinion.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent and not participating.