SHELTON *et al.* v. SCHOOL BOARD, DIST. No. 22 OF CITY OF TULSA.

No. 6470.   Opinion Filed August 18, 1914.

(142 Pac. 1034.)

1.   ELECTIONS—Qualified Electors—School Bond Election.   .Male and not female citizens are qualified electors, as defined by the Constitution of Oklahoma; and at an election upon the question of the issuance of school bonds under the provisions of article 6, c. 219, Sess. Laws 1913, electors only are entitled to vote.

2.   SCHOOLS AND SCHOOL DISTRICTS—School Bond Elections—Validity.   The mere fact that an inconsiderable number of persons disqualified to vote at a bond election were permitted to participate therein is not sufficient to avoid such election, where it is possible to ascertain the true vote, and the proposition carried by the requisite number of votes.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Injunction by W. A. Shelton and others against School Board, District No. 22 of the City of Tulsa, Okla.   From a judg-

ment dissolving a temporary restraining order and denying a temporary injunction, plaintiffs bring error.   Affirmed.

*J. J. Henderson,* for plaintiffs in error.

*Rice & Lyons,* for defendant in error.

BLEAKMORE, J.   This case presents error from the district court of Tulsa county.   From a judgment dissolving a temporary restraining order and denying a temporary injunction, the plaintiffs in error, who were plaintiffs below, bring the case here.

In school district No. 22, City of Tulsa, an election was duly held on the 17th day of March, 1914, under the provisions of article 6, c. 219, Sess. Laws 1913, submitting to the qualified voters of the district the question of the issuance of the bonds of said district in the sum of $500,000 for the purchase of school sites and the erection and equipment of suitable school buildings, *et cetera.*   At said election 2,769 votes were cast; 2,075 being for and 648 against the issuance of the bonds, and 46 mutilated ballots.   At said election 41 women voted (whether for or against the bond issue is not disclosed).   The precinct election officers named in the election proclamation made return of the ballots cast in each of the several voting precincts, together with their certificates showing the number of votes cast in favor of and against the proposition, to the board of education of said district, which board canvassed said returns and declared the result as above set forth.   Upon the filing of the petition in the court below, a temporary restraining order was issued.   Thereafter, upon the trial, the court sustained a demurrer to the evidence and denied the injunction.

It is contended, on the part of the plaintiffs in error, that the election so held is void for the reasons:   (1) That women, not electors or qualified to vote at such election under the law, were permitted to participate therein; and (2) that the returns of such election should have been made to the county election board, whose duty it was to canvass the same and issue a certificate declaring the result.

Section 1, art. 3, of the Constitution of Oklahoma, provides:

"The qualified electors of the state shall be male citizens of the United States, male citizens of the state, and male persons of Indian descent native of the United States, who are over the age of twenty-one years, who have resided in the state one year, in the county six months, and in the election precinct thirty days, next preceding the election at which any such elector offers to vote.  *  *  *"

Section 3, art. 3, provides:

"Until otherwise provided by law, all female citizens of this state, possessing like qualifications of male electors, shall be qualified to vote at school district elections or meetings."

Section 19, art. 6, c. 219, Sess. Laws 1913, authorizes independent school districts, such as the one in which this election was held, to raise funds for the purchase of school sites and the purchase and equipment of school buildings by the issuance of bonds; and section 20 of said act makes it the duty of the mayor, upon the request of the board of education, to call an election for such purpose.  Section 21 of said act provides:

"On the question of issuance of said bonds no person shall be qualified to vote unless he be in all respects a qualified elector in such district.  *  *  *"

Section 27 of said act provides:

"That all elections hereafter held in cities of the first class in this state for the election of members of the board of education, treasurer of the board of education, and all elective school officers, the following persons shall be qualified and entitled to vote at such election and for the class of officers above named, to wit:  All persons, male or female, over the age of twenty-one years, who possess the other qualifications prescribed by the Organic Act, and general election laws of the state of Oklahoma."

Qualified electors, as defined by the Constitution of Oklahoma, are male and not female citizens.  It is apparent that while under section 3, art. 3, of the Constitution, *supra,* it was intended to permit women who possessed all the qualifications of electors, except sex, to vote at school district elections and meetings, yet the power to restrict or entirely deprive them of such right was remitted to the Legislature; and it is clear from the language used in section 21, art. 6, c. 219, Sess. Laws 1913, that in providing that only qualified electors should vote upon the question

242        SUPREME COURT OF OKLAHOMA.

Shelton et al. v. School Board, Dist. No. 22 of City of Tulsa.

of the issuance of bonds, as in the instant case, the Legislature intended to take away from the female citizens of this state the privilege of participating in such elections. This intent is clearly manifested by the language used in section 27 of said article and chapter, wherein it is specifically provided that all persons, male and female, possessing the other qualifications provided in the Constitution and laws of the state, may vote for elective school officers only.

The evidence discloses that 41 women, who were not entitled to vote, actually voted at said election. It is urged by the plaintiffs in error that, because of the fact that this number of disqualified voters were allowed to participate in the election, the entire poll should be rejected and the election held invalid. This is not the law. As was held by this court, in *Martin v. McGarr,* 27 Okla. 653, 117 Pac. 323, 38 L. R. A. (N. S.) 1007:

"The general rule obtaining throughout all the states of the Union is that an election is not to be held invalid except as a last resort; the correct doctrine being announced by Judge Brewster, in the case of *Batturs v. McGary,* 1 Brewster, 162, as follows: 'The courts have the power to reject an entire poll, but only in the extremest case—as where it is impossible to ascertain the true vote. Impossibility is the test.'"

And again in the same opinion:

"When fraud on the part of the officers of the election is established, the poll will not be rejected, unless it prove impossible to purge it of the fraud."

See, also, *Ledbetter v. Kimsey,* 38 Okla. 671, 134 Pac. 868, and *Snyder v. Blake,* 35 Okla. 294, 129 Pac. 34.

In the case at bar, if the votes cast by those persons disqualified be eliminated, still the bond issue carried by a large majority of votes over the requisite number provided by law, and therefore it is not only not "impossible to ascertain the true vote" in this election, but it is clearly impossible not to do so.

Section 20, art. 6, c. 219, Sess. Laws 1913, provides:

"It shall be the duty of the mayor of each city governed by this article, upon the request of the board of education, forthwith to call an election, to be conducted in all respects as are special elections for city officers in the same city, except that

the returns shall be made to the board of education for the purpose of taking the sense of such district upon the question of issuing such bonds. * * *"

It will therefore be seen that the precinct election officers, in making their return of such election to the board of education, followed the provision of the statute, and that in this respect said election is valid.

It follows therefore that the judgment of the district court of Tulsa county should be affirmed, and it is so ordered.

KANE, C. J., and RIDDLE, J., concur; TURNER and LOOFBOURROW, JJ., absent and not participating.