**OELERKING v. HIATT et al., Town Board of Education.**

No. 9178—Opinion Filed Jan. 22, 1918.

(170 Pac. 476.)

**Elections — Suffrage — Women—Right to Vote at School Elections.**

Female citizens of this state possessing like qualifications of male electors are qualified to vote at school elections or meetings in school districts other than independent districts located in cities and towns.

(Syllabus by West, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Suit for injunction by Henry Oelerking against R. A. Hiatt, president, and others constituting the board of education of the town of Lahoma, Okla., School District No. 61 of Garfield County. Judgment for defendants, and plaintiff brings error. Affirmed.

Wilson & Scott, for plaintiff in error.

McKeever & Moore, for defendants in error.

Opinion by WEST, C. This was a suit begun in the district court of Garfield county on May 5, 1917, to enjoin defendants, constituting the board of directors of school district No. 61 of Garfield county, from issuing $15,000 worth of building bonds which had been previously voted on by said district on the ground that at the election by said district women were permitted to vote,

and by reason thereof the said election carried, but that said women were not entitled to a vote at said election, and but for said women voting said election would have been lost. Upon the filing of the petition, temporary injunction was granted, and upon final hearing hereof the same was dissolved, and plaintiff brings this action of the court here for review. Parties will be designated as they appeared in the court below.

The only question to be determined here upon appeal in this case is as to whether or not women under the Constitution and laws of the state of Oklahoma, are entitled to vote in school districts other than independent school districts or school districts located in cities and towns upon the question of issuance of bonds for the purpose of building school houses. It will be remembered that this school district is not an independent school district, but a country school district.

Section 3, art. 3, of the Constitution of the state, is as follows:

"Until otherwise provided by law, all female citizens of this state, possessing like qualifications of male electors, shall be qualified to vote at school district elections or meetings."

Under the Revised Laws of 1910, females having like qualifications of male electors were permitted, under the law, to vote at such elections as are complained of in this proceeding.

The first paragraph of the syllabus in case of Shelton v. School District No. 22 of the City of Tulsa, 43 Okla. 240, 142 Pac. 1034, is as follows:

"Male and not female citizens are qualified electors, as defined by the Constitution of Oklahoma; and at an election upon the question of the issuance of school bonds, under the provisions of article 6, c. 219, Sess. Laws 1913, electors only are entitled to vote."

Article 5 of said chapter deals with school districts such as we have under consideration, and article 6 of said chapter deals with what is known as independent districts in cities and towns.

Under the Revised Laws 1910, the procedure for incurring indebtedness for the purpose of building school houses, both in independent and country districts, was considered under one head in said chapter 74 of the Rev. Laws 1910, being article 10 of said chapter.

Chapter 7835 thereof is as follows:

"Purposes for Which Bonds May Issue. Any school district in this state may become indebted for the purpose of purchas-

ing sites for school buildings, for purchasing school buildings, for erecting such buildings, for purchasing * * * furniture or for repairing any such school site or building, and may issue its bonds, as provided by law, in any amount not exceeding, with existing indebtedness, five per cent. of the valuation of the taxable property within such school district, as shown by the last preceding assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that such bond issue must be authorized by an affirmative vote of three-fifths of the voters of such district voting at an election held in such district for the purpose of authorizing such bond issue. The bonds of any school district issued since the adoption of the Constitution are hereby legalized and validated: Provided, that such bonds were issued for the purpose above specified, and within the limitations prescribed by the Constitution."

Section 7836 thereof is as follows:

"Voters — Petition Required. Qualified electors, for the purposes of this article, are hereby declared to be all persons, male or female, over the age of twenty-one years, who are citizens of the United States and have been bona fide residents for more than three months next preceding such school district bond election, within the limits of such school district: Provided, that no such election shall be ordered unless a petition, stating the purpose for which the bonds are to be issued, and signed by at least one-third of the qualified electors, as herein defined, of such school district, as shown by the last preceding enumeration, by the township trustee of the township in which such school district is located, shall have been presented to the district board, praying that a vote be taken for the issuing of such amount of bonds as may be asked for therein: Provided, further, that it shall be unlawful for any school district to create any bonded indebtedness unless there are at least eight persons between the ages of six and twenty-one years actually residing within the limits thereof, as shown by a census taken by the clerk of such district not more than three months previous to such bond election, and by such clerk verified upon oath."

This procedure does not seem to have been changed so far as school districts other than independent school districts are concerned, but article 6, of chapter 219, Session Laws 1913, changes the procedure for incurring bonded indebtedness in independent school districts located in cities and towns; but the procedure in districts outside of cities and towns is not changed by chapter 219 of the Session Laws of 1913.

We are of the opinion that if it had been the intention of the Legislature by the adoption of chapter 219, Session Laws 1913, to change the procedure or limit the franchise in elections of the kind before us to male electors, it would have been done so by express and unequivocal terms as was done in independent school districts located in cities and towns. As this was not done, we are of the opinion that section 7836, Rev. Laws 1910, concerning what a legal elector was in elections of this kind, is still in force and effect, and that all female citizens residing in school districts outside of cities and towns possessing like qualifications of male electors are qualified to vote at school district elections or meetings regardless of the issue to be voted upon by said district, and that the election complained of on account of female voting therein is untenable, and that said females had a right to vote, and that the action of the court in dissolving the temporary injunction was correct.

Finding no error, same is affirmed.

By the Court: It is so ordered.